IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NADINE FRANCESCA ROMERO,

       Plaintiff,

vs.                                                                   1:19-cv-00050-LF

ANDREW M. SAUL,[1] Commissioner
of the Social Security Administration,

       Defendant.
.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Nadine Francesca Romero's Motion to Reverse and Remand for a Rehearing with Supportive Memorandum (Doc. 15), which was fully briefed on September 12, 2019. *See* Docs. 19–21. The parties consented to my entering final judgment in this case. Docs. 4, 6, 7. Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to consider the opinion of state agency psychiatric reviewer Dr. W. Miller Logan. I therefore GRANT Ms. Romero's motion and remand this case to the Commissioner for further proceedings consistent with this opinion.

I.      **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and is automatically substituted as the defendant in this action. FED. R. CIV. P. 25(d).

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481, as it is in this case.

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks and brackets omitted). The Court must meticulously review the entire record, but may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While the Court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "'The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

To qualify for disability benefits, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61. If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Id.*

### III. Background and Procedural History

Ms. Romero was born in 1981, completed four years of community college, and worked for approximately 13 years as a Certified Nursing Assistant. AR 41–42, 213, 283.[4] Ms. Romero filed an application for Disability Insurance Benefits ("DIB") on January 8, 2015, alleging disability since November 11, 2014 due to severe anxiety, depression, throat and tongue

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 12-1 through 12-9 comprise the sealed Administrative Record ("AR"). When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

swelling, memory confusion, forgetfulness, anger, post-traumatic stress disorder, possible bipolar disorder, inability to be around large crowds, inability to leave her home, and inability to function mentally. AR 213–14, 282. The Social Security Administration ("SSA") denied her claim initially on June 30, 2016. AR 115–18. The SSA denied her claims on reconsideration on March 22, 2017. AR 123–27. Ms. Romero requested a hearing before an ALJ. AR 129–30. On August 14, 2018, ALJ Cole Gerstner held a hearing. AR 37–60. ALJ Gerstner issued his unfavorable decision on September 20, 2018. AR 12–36.

The ALJ found that Ms. Romero met the insured requirements of the Social Security Act through December 31, 2020. AR 17. At step one, the ALJ found that Ms. Romero had not engaged in substantial, gainful activity since November 11, 2014, her alleged onset date. *Id*. At step two, the ALJ found that Ms. Romero suffered from the following severe impairments: obesity, major depressive disorder, anxiety, and post-traumatic stress disorder. AR 17–18.

At step three, the ALJ found that none of Ms. Romero's impairments, alone or in combination, met or medically equaled a Listing. AR 18–20. Because the ALJ found that none of the impairments met a Listing, the ALJ assessed Ms. Romero's RFC. AR 20–28. The ALJ found Ms. Romero had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) except the claimant can lift 50 pounds occasionally and 25 pounds frequently, carry within those same limitations, and push and/or pull as much as she can lift and carry. The claimant can sit, stand, or walk for 6 hours out of an 8-hour workday. The claimant can never climb ladders, ropes, or scaffolds and can never work at unprotected heights or around moving mechanical parts. The claimant is limited to simple, routine tasks and can make simple work-related decisions. The claimant can have occasional interaction with co-workers and supervisors and can have only superficial contact with the general public. Changes in the work setting are limited to simple, work-related decisions.

AR 20.

At step four, the ALJ concluded that Ms. Romero could not perform any of her past relevant work. AR 28. The ALJ found Ms. Romero not disabled at step five because she could perform jobs that exist in significant numbers in the national economy—such as assembler, kitchen helper, and housekeeper. AR 28–29. On October 4, 2018, Ms. Romero requested that the Appeals Council review the ALJ's unfavorable decision. AR 211–12. On November 20, 2018, the Appeals Council denied the request for review. AR 1–6. Ms. Romero timely filed her appeal to this Court on January 18, 2019.[5] Doc. 1.

## IV. Ms. Romero's Claims

Ms. Romero raises two arguments for reversing and remanding this case: (1) the ALJ failed to discuss the opinion of state agency psychiatric reviewer Dr. Logan, and (2) the ALJ failed to adequately develop the record about her mental limitations. Doc. 15 at 2, 12–19. The Court agrees that the ALJ erred by failing to discuss Dr. Logan's opinion and therefore does not address the other alleged error, which "may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## V. Analysis

Ms. Romero argues that the ALJ erred by failing to consider the opinion of state agency psychiatrist Dr. Logan. Doc. 15 at 12–14. She argues that the ALJ's failure to either "accept and include" or "reject and explain" the mental limitations in Dr. Logan's opinion is harmful error that requires remand. *Id*. The Commissioner concedes that the ALJ failed to discuss Dr. Logan's opinion, but argues that this failure is "harmless." Doc. 19 at 9. The Court agrees with Ms. Romero.

---

[5] A claimant has 60 days to file an appeal. The 60 days begins running five days after the decision is mailed. 20 C.F.R. § 404.981; *see also* AR 2.

5

"An ALJ must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c) (effective March 27, 2017) ("Regardless of its source, we will evaluate every medical opinion we receive.").[6] An ALJ must consider opinions from State agency psychological consultants as expert medical source opinions. 20 C.F.R. § 404.1513a(b)(1). An ALJ's "RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). An ALJ's failure to discuss all the medical opinions in the record is clear legal error. *Victory v. Barnhart,* 121 F. App'x 819, 825 (10th Cir. 2005) (unpublished); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (remanding because the Court could neither "simply presume the ALJ applied the correct legal standards" nor "meaningfully review the ALJ's determination absent findings explaining the weight assigned" to a doctor's opinion.)

Because of the bar against *post hoc* rationalizations, the only possible way to salvage a legally flawed decision is a "harmless error" analysis. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). In reviewing Social Security cases, harmless error applies only if "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.*

In this case, Dr. W. Miller Logan, a state agency psychiatrist, completed a Mental Residual Functional Capacity Assessment ("MRFCA") about Ms. Romero on April 2, 2015. AR

---

[6] "Medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1) (effective March 27, 2017).

70-71.[7]  Dr. Logan opined that Ms. Romero had several moderate and marked mental limitations:

- Moderate limitation in the ability to understand and remember detailed instructions;
- Marked limitation in the ability to maintain attention and concentration for extended periods;
- Marked limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
- Moderate limitation in the ability to interact with the general public;
- Moderate limitation in the ability to accept instructions and respond appropriately to criticism from supervisors; and a
- Moderate limitation in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

AR 70.

The Commissioner concedes that the ALJ did not "discuss or weigh Dr. Logan's opinion." Doc. 19 at 4. However, the Commissioner argues that this error is harmless, and remand is not required "because the Court can tell from the ALJ's reasoning that he gave Dr. Logan's opinion no weight." *Id*. at 4–5 (citing *Lately v. Colvin*, 560 F. App'x 751 (10th Cir. 2014) (unpublished)). The Commissioner argues that this case is factually identical to *Lately*, in which the Tenth Circuit found the ALJ's failure to discuss a medical opinion was "harmless." *Id*. at 5. I do not agree.

In *Lately*, the ALJ failed to discuss or weigh the opinion of examining physician Dr. Leonidas Rojas. 560 F. App'x 751, 754. Dr. Rojas opined that the claimant was "unlikely

---

[7] After Dr. Logan issued his opinion, the SSA initially made no determination and sent Ms. Romero's claim back to the field office based on Ms. Romero's report that she had returned to work. AR 71, 73. The ALJ, however, later concluded that this work did not rise to the level of substantial gainful activity. AR 17.

capable of working due to her vertigo." *Id*. The ALJ had rejected the opinion of treating physician Dr. Robert Magnuson who "checked a box on a functional assessment form indicating that [the claimant] could not work because of her vertigo." *Id*. The ALJ rejected Dr. Magnuson's opinion because it "addressed the question of disability, which is an issue reserved to the Commissioner" and because his opinion was inconsistent with his own treatment notes. *Id*. The Tenth Circuit found the ALJ's failure to discuss Dr. Rojas's opinion to be harmless because they could

> tell from the ALJ's rejection of Dr. Magnuson's **nearly identical opinion** that the ALJ gave no weight to Dr. Rojas's opinion. We can further tell that the reason she gave Dr. Rojas's opinion no weight is because, like Dr. Magnuson's, it addresses the issue of disability, which is reserved to the Commissioner, and it is inconsistent with Dr. Magnuson's treatment notes.

*Id*. (emphasis added).

In contrast to *Lately*, the Commissioner cannot point to a medical opinion in this case that is "nearly identical" to Dr. Logan's opinion such that the Court can tell how the ALJ weighed Dr. Logan's opinion, or whether the ALJ considered it at all. The Commissioner's argument that Dr. Logan's opinion is "essentially identical" to the opinion of Ms. Romero's treating provider Family Nurse Practitioner ("FNP") Rachel Marzec is without merit. *See* Doc. 19 at 7–9. The "opinion" from FNP Marzec in this case does not appear to be in the record. The only mention of FNP Marzec's "opinion" in the record is found in a letter to Ms. Romero from her employer, Lovelace Medical Center, about her request for reasonable accommodation:

> In the Interactive Process Questionnaire, completed by Rachel Marzec, FNP, dated September 28, 2015, Ms. Marzec states that your diagnosis is Post Traumatic Stress Disorder, Major Depressive Disorder, and Panic Disorder.
>
> Ms. Marzec has made it clear that she does not know how long your medical restrictions will continue and that returning to work at this time would pose a risk of harm. She said you are currently unable to perform the essential functions of your position and that there would be a risk of harm to your health or

8

safety, or that of others, if you were to return to work. Ms. Marzec informed us
that she is unable to determine when you will be able to return to work because it
will depend upon how "hard & determined" you are "to regain [your] life."

AR 585. The ALJ gave FNP Marzec's statements "partial weight," noting that FNP Marzec's statement was given for the purpose of certifying Ms. Romero for medical leave from her employer, and that FNP Marzec did not include a "function by function[ ] analysis describing the most the claimant is able to perform." AR 25. The ALJ noted that FNP Marzec's statements "only consider[ed] one type of job and [did] not consider the claimant's abilities to perform other work." AR 25–26. Finally, the ALJ noted that the longitudinal evidence showed "improvement with treatment" and "intact thought processes." *Id*.

Unlike FNP Marzec's opinion, Dr. Logan's opinion contained a function by function analysis of Ms. Romero's mental limitations.[8] *See* AR 70–71. Unlike FNP Marzec's opinion, Dr. Logan's opinion was not a statement given to certify medical leave, but an assessment of Ms. Romero's overall mental functioning. Finally, unlike FNP Marzec's opinion, Dr. Logan's opinion was not limited to considering Ms. Romero's ability to do one type of job. Dr. Logan's opinion includes specific mental limitations greater than those the ALJ included in Ms. Romero's RFC, and it is not clear that the ALJ considered Dr. Logan's opinion at all. Given these circumstances, the Court cannot conclude that "**no** reasonable administrative factfinder,

---

[8] The Commissioner also compares Dr. Logan's opinion to Dr. King's and argues that the ALJ's failure to discuss Dr. Logan's opinion was harmless because "the ALJ gave 'partial weight' to Dr. King's opinion because Dr. King did not assess function-by-function work limitations . . ., a deficiency share by Dr. Logan's opinion." Doc. 19 at 9. This, however, is not true. Dr. Logan's opinion *did* include a function-by-function assessment. AR 70. Indeed, Dr. Logan's opinion bears little similarity to Dr. King's opinion, *compare* AR 67–71 (Dr. Logan) *with* AR 727–38 (Dr. King), and the ALJ's weighing of Dr. King's opinion sheds no light on how the ALJ evaluated Dr. Logan's opinion, if at all.

9

following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145 (emphasis added).

The Court must apply "harmless error analysis cautiously in the administrative review setting." *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005). *Lately* is not persuasive. This Court cannot rely on explanations not provided by the ALJ. *See Allen*, 357 F.3d at 1142 ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process."). The Court declines the Commissioner's invitation to speculate about the ALJ's evaluation of Dr. Logan's opinion. Without findings on his opinion, meaningful review is not possible.

### VI.     Conclusion

The ALJ erred by failing to consider the opinion of state agency psychiatric reviewer Dr. W. Miller Logan. The Court remands the case so that the ALJ can consider and weigh his opinion. The Court does not reach Ms. Romero's other claimed error, as this "may be affected by the ALJ's treatment of this case on remand." *Watkins*, 350 F.3d at 1299.

IT IS THEREFORE ORDERED that Ms. Romero's Motion to Reverse and Remand for a Rehearing (Doc. 15) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's final decision is REVERSED, and this case is REMANDED for further proceedings in accordance with this opinion.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent